ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| SAN CARLOS MORTGAGE, LLC<br><br>Recurrido<br><br>v.<br><br>HILDA DEL ROSARIO FIGUEROA SANTIAGO también conocida como HILDA DEL SOLÁ FIGUEROA SANTIAGO<br><br>Peticionaria | KLCE202500199 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Fajardo<br><br>Caso Núm. NSCI201500297<br><br>Sobre: Ejecución de Hipoteca |
|---|---|---|

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Romero García y el Juez Rodríguez Flores

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de abril de 2025.

I.

El 29 de abril de 2015 el Banco Santander de Puerto Rico presentó una *Demanda* sobre Cobro de Dinero y Ejecución de Hipoteca contra la Sra. Hilda Del Rosario Figueroa Santiago. Alegó que la señora Figueroa Santiago otorgó un préstamo y, en aseguramiento del *Pagaré*, otorgó una hipoteca voluntaria a favor de estos. Sostuvo que la señora Figueroa Santiago ha incurrido en el incumplimiento del contrato de préstamo hipotecario por haber dejado de pagar las mensualidades desde el 1 de septiembre de 2012, a pesar de los avisos y oportunidades concedidas. Afirmó que la señora Figueroa Santiago le adeuda una cantidad de $173,299.26 y el 7.250% de intereses desde el 1 de agosto de 2012 hasta el día de su completo pago. Suma a dicha deuda, primas de seguros FHA, los recargos por demora, los intereses devengados y la cantidad de $20,459.50 para costas, gastos y honorarios de abogados.

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086 de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el recurso KLCE202300344.

Número Identificador

RES2025_____

Añadió que la propiedad objeto de la causa de acción no es la residencia principal de la señora Figueroa Santiago.

El 7 de julio de 2016 la señora Figueroa Santiago presentó *Contestación a la Demanda* y *Reconvención*. Alegó que el Banco Santander actuó contrario a la doctrina de buena fe y trato justo, al iniciar el procedimiento de ejecución de hipoteca. Esto, a pesar de que ella entregó los documentos requeridos para la modificación del pago de hipoteca y demostró tener capacidad económica en un periodo de prueba que se le puso con un pago de $1,392.22 mensuales por veintitrés (23) meses. Adujo que las actuaciones torticeras le han causado daños morales y emocionales que estiman $500,000.00. Por lo que, solicitó que se declarara No Ha Lugar la *Demanda* y Ha Lugar la *Reconvención* instada. El 25 de octubre de 2019,[2] el Foro *a quo* emitió *Sentencia* y declaró Ha Lugar la *Demanda.*

Así las cosas, el 4 de febrero de 2020, el Foro primario emitió *Resolución* ordenando la paralización de los procedimientos por haberse activado las protecciones correspondientes al proceso de mitigación de pérdidas. El 19 de mayo de 2020, FirstBank le notificó a la señora Figueroa Santiago que no cualificaba para ninguna alternativa de mitigación de pérdidas, por esta no haber presentado los documentos necesarios para ser evaluada.

Luego de varios incidentes procesales, el 22 de noviembre de 2021, Banco Santander presentó *Solicitud de Continuación de los Procedimientos y Sustitución de Parte Demandante de Epígrafe al amparo de la Regla 22.3 de las de Procedimiento Civil.* En la referida *Moción,* solicitó la reanudación de los procedimientos y la sustitución de Banco Santander por FirstBank Puerto Rico como agente de servicio de Oriental Bank. El 30 de noviembre de 2021,[3] el Tribunal de Primera Instancia ordenó la sustitución de parte para reflejar a FirstBank Puerto Rico como agente de servicio de Oriental Bank.

El 3 de diciembre de 2021 la señora Figueroa Santiago presentó *Moción sobre Reclamación de Derecho de Propiedad o de Posesión sobre el Instrumento*

---

[2] Notificada el 29 de octubre de 2019.
[3] Notificada el 2 de diciembre de 2020.

*Conforme a la Ley de Transacciones Comerciales.* Sostuvo que la compra del préstamo por parte de FirstBank no estaba protegida por la Sección 2-306 de la Ley de Transacciones Comerciales.[4] Arguyó que tal situación le permitía reclamar su derecho de propiedad o posesión sobre el instrumento. El 14 de diciembre de 2021 la señora Figueroa Santiago presentó una *Moción de desestimación.* Señaló que FirstBank, como Agente de Servicio de Oriental Bank, no ofreció todas las alternativas de mitigación de pérdidas en contravención a la Ley Núm. 184-2012,[5] para la mediación compulsoria y preservación del hogar en los procedimientos de ejecución de hipoteca de una vivienda principal. Adujo que FirstBank faltó a la verdad al aseverar que no les había entregado unos documentos como parte del proceso de mediación compulsoria. El 30 de agosto de 2020, el Foro primario refirió a las partes al Centro de Mediación de Conflictos.

El 14 de octubre de 2022, FirstBank presentó *Nueva Notificación de Sustitución de Parte por Cesión de Interés.* Notificó que había cedido a San Carlos Mortgage LLC. (San Carlos Mortgage), todo su interés como acreedor del préstamo en controversia en este litigio. El 17 de octubre de 2022, el Foro *a quo* ordenó a la señora Figueroa Santiago que se expresara en cuanto a ello. El 16 de diciembre de 2022,[6] el Tribunal de Primera Instancia emitió *Resolución* declarando Ha Lugar la sustitución de parte a favor de San Carlos Mortgage.

El 14 de julio de 2023, mediante *Moción Informativa sobre Resultado de Caso de Ejecución de Hipoteca Atendido mediante Servicio de Videoconferencia,* el Mediador de Conflictos informó al Foro primario que las partes culminaron el proceso de mediación sin acuerdo. Posteriormente, el 13 de marzo de 2024, San Carlos Mortgage presentó una *Solicitud de Ejecución de Sentencia.* Mediante *Orden* de 21 de marzo de 2024,[7] el Foro

---

[4] Ley Núm. 208 de 17 de agosto de 1995, según enmendada; 19 LPRA § 606.

[5] Ley de Mediación de Ejecuciones de Hipoteca, Núm. 184 de 17 de agosto de 2012, según enmendada; 32 LPRA § 2881 *et seq.*

[6] Notificada el 10 de enero de 2023.

[7] Notificada el 26 de marzo de 2023.

recurrido dispuso que no tenían nada que proveer al momento por no haber recibido mandato de este Tribunal Apelativo.

El 13 de septiembre de 2024, San Carlos Mortgage presentó *Moción Reiterando Solicitud de Ejecución de Sentencia.* El 15 de noviembre de 2024, el Foro *a quo* dictó *Orden de Ejecución de Sentencia* y el 21, notificó *Mandamiento de Ejecución.* Dispuso, que, habiendo advenido final y firme la *Sentencia* dictada el 25 de octubre de 2019, procedía la venta de la propiedad al mejor postor en pública subasta.

El 27 de noviembre de 2024, la señora Figueroa Santiago presentó *Moción de Reconsideración.* Alegó que la *Moción Reiterando Solicitud de Ejecución de Sentencia* no le fue notificada. Sostuvo que San Carlos Mortgage le cursó un comunicado de mitigación de pérdidas, y que ella le envió una carta mostrando su interés a acogerse a dicha alternativa. Adujo que San Carlos Mortgage, a pesar de lo anterior, insistió en ejecutar su vivienda principal, y que ello constituye una manifestación flagrante de "*dual tracking*". Sostuvo que procedía el *Relevo de Sentencia.*

El 8 de enero de 2025, San Carlos Mortgage presentó *Oposición a Solicitud de Reconsideración.* En síntesis, alegó que la *Sentencia* advino final y firme, y que fue notificada a todas las partes. Indicó que la señora Figueroa Santiago no completó el proceso de mitigación de pérdidas ni estos comenzaron un proceso de ejecución de hipoteca. Se reiteró en que su solicitud persigue la ejecución de una *Sentencia* final, firme e inapelable de más de cinco (5) años.

El 29 de enero de 2025,[8] el Foro *a quo* declaró No Ha Lugar la *Moción de Reconsideración.* Inconforme aún, el 27 de febrero de 2025, la señora Figueroa Santiago acudió ante nos mediante *Certiorari.* Plantea:

> **A. ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL DICTAR SU ORDEN DE EJECUCIÓN DE SENTENCIA, PESE A QUE LA PARTE RECURRIDA NO NOTIFICÓ A LA PARTE RECURRENTE SU ESCRITO QUE PRECIPITÓ DICHA ORDEN EN CONTRAVENCIÓN DE LA REGLA 51.7 DE LAS DE PROCEDIMIENTO CIVIL, SUPRA.**

---

[8] Notificada el 31 de enero de 2025.

**B. ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL EMITIR ORDEN DE EJECUCIÓN DE SENTENCIA, PESE A QUE LA PARTE RECURRIDA NO HA MATERIALIZADO LA ALTERNATIVA DE VENTA CORTA QUE LE OFRECIÓ A LA PARTE RECURRENTE.**

**C. ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL EMITIR UNA ORDEN DE EJECUCIÓN DE SENTENCIA DE EJECUCIÓN DE HIPOTECA EN ESTE CASO, A SOLICITUD DE LA PARTE RECURRIDA, CUANDO LA ÚLTIMA LE OFRECIÓ ALTERNATIVAS DE MITIGACIÓN DE PÉRDIDAS A LA PARTE RECURRENTE, CONSTITUYENDO ELLO "DUAL TRACKING", UN PROCEDER DE MALA FE Y UN INCUMPLIMIENTO CRASO DE LA PARTE RECURRIDA DE CUMPLIR CON SU DEBER HACIA LA PARTE RECURRENTE DE OFRECERLE TODAS LAS ALTERNATIVAS DE MITIGACIÓN DE PÉRDIDAS.**

El 10 de marzo de 2025, San Carlos Mortgage presentó su *Oposición a Certiorari Civil.* Adelantamos, que denegamos el *Auto* solicitado pues, al examinar el expediente, el recurso no cumple ninguno de los criterios para su expedición, según contempla la Regla 40 del Reglamento del Tribunal de Apelaciones.[9]

II.

El auto de *Certiorari* es el vehículo procesal de naturaleza discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[10] El concepto de discreción ha sido definido como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción".[11] "[E]l adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad".[12] No obstante, la discreción no debe hacer abstracción del resto del Derecho. Es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una condición justiciera.[13] Por lo que, la discreción judicial "no se da en un vacío ni en ausencia de otros parámetros".[14] La decisión tomada se sostiene en el estado de derecho aplicable a la cuestión planteada.[15]

---

[9] 4 LPRA Ap. XXII-B, R. 40.
[10] *Pueblo* v. *Díaz de León*, 176 DPR 913, 917 (2009); *García* v. *Padró*, 165 DPR 324 (2005).
[11] *Pueblo* v. *Ortega Santiago*, 125 DPR 203, 211 (1990).
[12] *Pueblo* v. *Hernández Villanueva*, 179 DPR 872, 890 (2010).
[13] *Pueblo* v. *Rivera Santiago,* 176 DPR 559, 580 (2009); *Torres Martínez* v. *Torres Ghigliotty*, 175 DPR 83, 98 (2008); *García,*165 DPR en la pág. 335.
[14] *Rivera Figueroa* v. *Joe's European Shop*, 183 DPR 580, 596 (2011).
[15] *IG Builders* v. *BBVAPR,* 185 DPR 307, 338 (2012); *Rivera,*183 DPR en la pág. 596.

En el caso particular de este Tribunal intermedio de Apelaciones, con el fin de que podamos ejercer de una manera sabia y prudente la facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento de este Tribunal,[16] nos señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. Dispone:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrario a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

Sin embargo, "ninguno de los criterios antes expuestos en la precitada Regla 40, es determinante por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva".[17] Por lo que, los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso.[18]

III.

En el caso ante nos, ninguno de los fundamentos que esgrime la señora Figueroa Santiago nos persuaden a revocar la Orden de Ejecución aquí

---

[16] *IG Builders,* 185 DPR en las págs. 338-339.

[17] H. Sánchez Martínez, Derecho Procesal Apelativo, Hato Rey, Lexis-Nexis de Puerto Rico, 2001, pág. 560; *García,* 165 DPR en la pág. 335.

[18] *Torres Martínez,* 175 DPR en la pág. 97.

impugnada y mucho menos relevarle de la Sentencia emitida el 25 de octubre de 2019, es decir, más de cinco (5) años atrás.

Primero, en cuanto a que la *Moción Solicitando la Ejecución de Sentencia* no le fue notificada, de los autos se desprende que San Carlos Mortgage así lo hizo mediante correo electrónico y así lo adjudicó el Foro primario al declarar No Ha Lugar la *Moción de Reconsideración* presentada por la señora Figueroa Santiago. Por otra parte, precisa señalar que, la *Sentencia* y la *Orden* de Ejecución emitidas por el Foro *a quo* fueron también notificadas a la representación legal de la señora Figueroa Santiago.

Segundo, en cuanto al procedimiento de mitigación en el que participó la señora Figueroa Santiago, los autos reflejan que se cumplió con todas sus formalidades. Tampoco nos persuade su argumento de que los funcionarios del Banco incumplieron con la Ley Núm. 73-2022,[19] al no entregarle en tiempo razonable los documentos referentes a la mitigación de pérdidas, y que, por tanto, no actuó conforme a la buena fe.

Analizado el planteamiento esgrimido por la señora Figueroa Santiago, conforme a los criterios contenidos en la Regla 40 de este Tribunal,[20] no hallamos que el Foro recurrido, al emitir el dictamen, haya abusado de su discreción o que haya actuado con el prejuicio o la parcialidad que acarreé un fracaso a la justicia.

IV.

A la luz de lo anteriormente expuesto, se *deniega* la expedición del auto de *Certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[19] 32 LPRA § 2881 *et seq.*
[20] 4 LPRA Ap. XXII-B, R. 40.